1

2

3

4

5

6

7                         **UNITED STATES DISTRICT COURT**

8                              **DISTRICT OF NEVADA**

9

10

11   KENNETH HERNANDEZ,              )

                            )

              Petitioner,        )        2:14-cv-00060-JCM-NJK

12                              )

vs.                             )        **ORDER**

13                              )

NSDC, *et al.*,                 )

14                              )

              Respondents.       )

15   _____/

16

17          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

by an inmate.

18

19          Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review

of each petition for writ of habeas corpus.  The court must dismiss a petition "[i]f it plainly appears

20   from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  Rule

21   4 of the Rules Governing  2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

22          A federal court may only grant a petition for writ of habeas corpus if the petitioner can show

23   that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  "According to

24   traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration

25   of confinement."  *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) *citing Preiser v. Rodriguez*,

26

1  411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section

2  2254 Cases.  Petitioner's allegations, however, do not challenge the legality or duration of his

3  confinement.  Rather, petitioner's claims challenge the conditions of his confinement.  Thus, his

4  claims are not appropriate for habeas corpus relief.  Challenges to the conditions of confinement are

5  more appropriately raised in civil rights action.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991);

6  *Crawford v. Bell*, 599 F.2d at 891-92 (9th Cir. 1979).  The clerk of court will be directed to send

7  plaintiff the appropriate forms for filing a prisoner civil rights action.

8        Additionally, this matter has not been properly commenced because petitioner submitted

9  incomplete financial paperwork.  The *in forma pauperis* application was not submitted on the court-

10  approved form as required by Local Rule LSR 1-1.  In addition to filing an application to proceed *in*

11  *forma pauperis* on the court-approved form, a prisoner seeking to proceed *in forma pauperis* "shall

12  submit a certified copy of the trust fund account statement (or institutional equivalent) for the

13  prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from

14  the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. §

15  1915(a)(1), (2); Local Rule LSR 1-2.  Petitioner has failed to submit an *in forma pauperis*

16  application on the court-approved form and has failed to provide the necessary financial information.

17  Due to the defects presented, the *in forma pauperis* application will be denied.

18        **IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** for

19  failure to state a cognizable habeas corpus claim.

20        **IT IS FURTHER ORDERED** that the application to proceed *in forma pauperis* (ECF No.

21  1) is **DENIED**.

22        **IT IS FURTHER ORDERED** that petitioner's motion at ECF No. 2 is **DENIED.**

23        **IT IS FURTHER ORDERED** that the clerk of the court shall send petitioner the following:

24  (1) two copies of an *in forma pauperis* application form for a prisoner and instructions for same; (2)

25

26

two copies of a blank 42 U.S.C. § 1983 prisoner civil rights form and instructions for the same; and

(3) one copy of the papers submitted by plaintiff at ECF No. 1.

**IT IS FURTHER ORDERED** that plaintiff may file a new complaint and new *in forma pauperis* application in a new action, but he may not file further documents in this action.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

**IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong.

Dated this ____16th____ day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE

3